UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lashawn Redmond,

       Plaintiff,

v.                                                                    Case No. 10-14698

State Farm Mutual Automobile Insurance                Honorable Sean F. Cox
Company,

       Defendant.

_____/

## OPINION & ORDER
## GRANTING MOTION TO REMAND

After being injured in a motor vehicle accident, Plaintiff Lashawn Redmond ("Plaintiff")

sued her insurance carrier, Defendant State Farm Automobile Insurance Company ("State

Farm"), in the 36th District Court in Detroit, Michigan, seeking "damages not in excess of

$25,000.00." That case proceeded to trial and Plaintiff ultimately received a judgment in the

amount of $25,000.00 in September of 2010. In October of 2010, Plaintiff filed another action in

the 36th District Court against State Farm, seeking No-Fault benefits that have accrued following

the judgment. Although her complaint again specifically requests an amount not in excess of

$25,000.00, State Farm removed the action to this court, based on diversity jurisdiction. The

matter is now before the Court on Plaintiff's Motion to Remand. The Court finds that the issues

have been adequately presented in the parties' briefs and that oral argument would not

significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern

District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

For the reasons that follow, the Court shall GRANT Plaintiff's Motion to Remand.

BACKGROUND

After being injured in a motor vehicle accident, Plaintiff filed suit against Defendant, seeking to recover No-Fault insurance benefits.

"*Redmond I*":

The first case that Plaintiff filed against State Farm ("*Redmond I*") was filed in 36th District Court on or about June 30, 2008.  Plaintiff asserted a breach of contract claim against State Farm, seeking No-Fault insurance benefits.  Plaintiff's complaint sought damages "not in excess of $25,000.00."   That action was tried before a jury.  At trial, Plaintiff's counsel asserted that Plaintiff was entitled to damages in excess of $25,000.00.  Although the jury returned a verdict in excess of $25,000.00, because the 36th District Court "is without jurisdiction to enter a judgment in excess of $25,000.00 exclusive of costs, interest, and attorney fees," the ultimate Judgment issued against State Farm by the 36th District Court was for $25,000.00.  (Ex. 3 to Pl.'s Motion to Remand).  That judgment was issued on September 9, 2010.  After trial, on September 27, 2010, the 36th District Court awarded Plaintiff attorney fees in the amount of $113,600.00.

*"Redmond II"*:

On or about October 12, 2010, Plaintiff filed suit again in the 36th District Court, asserting a breach of contract claim against State Farm in order to recover additional No-Fault benefits.  Plaintiff's complaint in *Redmond II* seeks "a judgment against the Defendant, in an **amount not in excess of Twenty-Five Thousand ($25,000)** Dollars," plus "interest, costs and attorney fees so incurred."  (Compl. at 3) (emphasis added).

State Farm removed the action to this Court, asserting diversity jurisdiction.  The matter is now before the Court on Plaintiff's Motion to Remand.

2

ANALYSIS

The Local Rules for the Eastern District of Michigan include Rule 81.1 – a rule that "applies to actions removed on the basis of diversity of citizenship in which the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332."  In such situations, the "removing defendant must: (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation or state that the removing defendant has no such facts at that time."  Local Rule 81.1(b), U.S. District Court, Eastern District of Michigan.

Here, State Farm removed this action to this Court, based on diversity jurisdiction. State Farm's Notice of Removal asserts that "[t]he amount in controversy exceeds and the Plaintiff has presented claims the sum or value of which exceeds $75,000," without any explanation as to why or how State Farm believes the amount in controversy requirement is met, especially given that Plaintiff's complaint seeks an amount not to exceed $25,000.00.  (Notice of Removal at ¶ 3). Thus, State Farm's Notice of Removal does not comply with L.R. 81.1(b).

Local Rule 81.1(d) provides that where, as here, a plaintiff "moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate."

Here, Plaintiff's Motion to Remand attaches an affidavit from Plaintiff that states, in

3

pertinent part, as follows:

3.    That I had a previous action against State Farm for recovery of No-Fault
      Automobile Insurance Benefits, which resulted in a Judgment in my favor,
      which was entered by the 36th District Court on September 9, 2010.

4.    That this is a follow-on action for additional benefits that have not been
      paid by State Farm [ ] since the Judgment in the earlier case that I had
      filed.

5.    That the accident giving rise to this case occurred on December 4, 2007
      and, as such, any claim that I might have for work loss benefits would be
      limited to benefits through December 4, 2010 (based on what I understand
      to be the 3-year limit for such benefits under Michigan's No-Fault Law).
      As such, the amount of work loss benefits that I could claim in this case is
      limited to a period of less than 3 months.

6.    The other benefits that I seek in this case are benefits for unpaid
      rehabilitation costs and expenses, including attendant care benefits that
      have accrued since the prior Judgment of September 9, 2010.

7.    That **by filing the case in the 36th District Court I understood that I
      would be limited to recovering, at most, a $25,000.00 Judgment** for
      No-Fault Benefits for any unpaid benefits since the prior Judgment in my
      favor.

8.    That **I am not seeking and will not request entry of a Judgment for
      No-Fault Benefits in excess of $25,000.00 in this case**, the maximum
      judgment amount for filing in the 36th District Court.

(Ex. 2 to Pl.'s Motion to Remand) (emphasis added).

The Court shall grant Plaintiff's Motion to Remand.

State Farm removed this action asserting diversity jurisdiction. Under 28 U.S.C.

§1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete

diversity of citizenship exists between the disputing parties. There is no dispute that the parties

are of diverse citizenship. The only issue is whether the amount in controversy requirement is

met.

State Farm, as the party removing the case, has the burden of proving the diversity

jurisdiction requirements, including the amount-in-controversy requirement. *Rogers v. Wal-*

*Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Thus, the burden is on State Farm "to show

by a preponderance of the evidence that the allegations in the complaint at the time of removal

satisfy the amount-in-controversy requirement." *Northup Properties, Inc. v. Chesapeake*

*Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009). State Farm has failed to meet that

burden here.

Notably, the complaint at issue here specifically requests damages in an amount not to

exceed $25,000.00.

State Farm has not directed the Court to any case wherein a court has ruled that a

Defendant can remove an action on the basis of diversity jurisdiction where the plaintiff's

underlying complaint actually seeks an amount less than the jurisdictional threshold of

$75,000.00.

*Brady* supports Plaintiff's position that she has the right to determine the amount of

damages she claims, and thus the right to sue in state court. *Brady v. Indemnity Ins. Co. of*

*North America*, 68 F.2d 302, 304 (6th Cir. 1933). In pertinent part, *Brady* states:

> It was the appellant's right to determine the amount of indemnity she would
> claim, not the appellee's. When she did so and sued therefor, that amount became
> the sum or value in controversy. That she claimed a lesser amount than she might
> have claimed for the purpose of removing is not in our opinion important. She
> had the right to sue for this lesser amount. Her demand for such an amount was
> justiciable in the state court; it was not justiciable in the federal court.

*Id.; see also* 20 FED. PRAC. & PROC. DESKBOOK § 33, *Devices to Create or Defeat Diversity* ("A

final device for defeating removal is to assert a claim for just less than the amount in controversy

required for federal jurisdiction. The court will look to the amount actually claimed, not the

amount that might have been claimed.").

CONCLUSION & ORDER

For the reasons above, Plaintiff's Motion to Remand is GRANTED and this action is
REMANDED to the 36th District Court.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 6, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager